UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV01496 AGF |
| | ) | |
| JEFF YOUNG and | ) | |
| MICHAEL GANN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim.[1] Plaintiff filed this action under 42 U.S.C. § 1983, pro se and in forma pauperis, against two state prison officials, Jeff Young and Michael Gann. For the reasons set forth below, this motion shall be granted in part and denied in part.

**BACKGROUND**

Plaintiff alleges that on August 14, 2002, while Plaintiff was in administrative segregation at a Missouri prison, Young confiscated photographs and a money order from Plaintiff's cell, as ordered by Gann, and that this property was never returned to Plaintiff. Plaintiff claims that his due process rights were thereby violated, as well as his equal protection rights, because other prisoners in administrative segregation were allowed to keep photographs. These precise claims were previously raised by Plaintiff, along with

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

several other claims against Young, Gann, and others in another lawsuit, Poole v. Gann, No. 4:03CV849 AGF, which is still pending before this Court.

The Court issued a Memorandum and Order in that case on March 29, 2005, holding that the due process and equal protection claims Plaintiff now raises both failed. The Court held that Plaintiff had an adequate remedy under Missouri law for the return of his property in the form of a replevin action, defeating his due process claim against Young and Gann for the deprivation of Plaintiff's property. The Court further held that Plaintiff's equal protection claim against Young and Gann failed on the ground that a fundamental right was not involved. Several remaining claims raised by Plaintiff survived summary judgment, and trial on those claims is set for November 6, 2006.

In his present complaint, filed on September 16, 2005, Plaintiff asserts that he has no adequate remedy under state law with regard to the deprivation of his property, because the state court has denied his motion to proceed in forma pauperis in an action he filed in state court against Young and Gann, seeking the return of his photographs and money order. The record establishes that Plaintiff filed such an action on September 6, 2005, along with a motion to proceed in forma pauperis and an affidavit in support thereof. The record further establishes that on September 9, 2005, Plaintiff's motion to proceed in forma pauperis was summarily denied, and that a notation on the state court docket sheet dated September 13, 2005, states as follows: "A filing fee is required for the case to continue on. Case will be closed if nothing further is done." The Court takes judicial notice of the fact that that is the last docket entry to date.

2

Defendants argue that this lawsuit should be dismissed because (1) the complaint must be construed as having been brought against them in their official capacities, and as such they are immune from suit under the Eleventh Amendment; (2) they are entitled to qualified immunity; and (3) Plaintiff fails to state a claim upon which relief may be granted.

## **DISCUSSION**

Defendants first two arguments for dismissal of this lawsuit are clearly without merit. Plaintiff did not name the state, or an arm thereof, in this action, and there is no reason to construe the complaint as being brought against Young and Gunn in their official capacities. Indeed, in its March 29, 2005 Memorandum and Order in Poole v. Gann, the Court rejected a similar argument raised by the defendants in that case. Nor are Defendants entitled to qualified immunity, as it is clearly established that prison officials may not keep a prisoner's personal property under the circumstances involved in this case.

The Court also rejects Defendants' argument that Plaintiff fails to state a due process claim with regard to the alleged deprivation of his property. The Court concludes that this claim is governed by Williams v. St. Louis County, 812 F.2d 1079 (8th Cir. 1987). In that case, as here, the plaintiff brought a § 1983 claim against state officials who allegedly deprived him of personal property in violation of his due process rights. The district court dismissed the claim on the basis that the plaintiff had an adequate state court remedy in the form of a replevin action. The plaintiff did not appeal and attempted to file an action in forma pauperis in state court for the return of his property. Without

3

giving a reason, the state court denied him leave to proceed in forma pauperis. The plaintiff's petition for mandamus relief was denied by the Missouri Supreme Court, and he then returned to the federal district court with a motion under Rule 60(b) to vacate the dismissal of his § 1983 complaint. The district court summarily denied the motion. The Eighth Circuit reversed, holding that the plaintiff did not have an "adequate" post-deprivation state remedy in light of the Missouri court's summary and apparently baseless denial of the plaintiff's request to proceed in forma pauperis. Id. at 1083.

Based upon this precedent, the Court concludes that Plaintiff should be permitted to pursue his due process claim in federal court, and that the present case should be consolidated with Poole v. Gann to allow for this. Although Defendants assert that Plaintiff could have resubmitted his replevin action in a manner that presumably would have permitted him to proceed in forma pauperis, the record contains no evidence to support this assertion and simply reflects that Plaintiff must pay a fee to proceed.

The Court concludes, however, as it did before, that Plaintiff's equal protection claim, based upon the confiscation of his photographs while he was in administrative segregation, is without merit. See Weiler v. Purkett, 137 F.3d 1047, 1051-52 (8th Cir. 1998) (inmate's allegations that some inmates received packages that did not conform to prison regulations limiting receipt of packages, but that nonconforming package was not delivered to him, were insufficient to state equal protection claim against prison officials, absent evidence that any difference in treatment was motivated by inmate's membership in protected class or that it burdened fundamental right).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss the complaint for failure to state a claim is **GRANTED** in part and **DENIED** in part. The motion is granted as to Plaintiff's equal protection claim and denied as to Plaintiff's due process claim. [Doc. #8]

**IT IS FURTHER ORDERED** that this case shall be consolidated with Poole v. Gann, No. 4:03CV00849 AGF. The Case Management Order in place in that case shall govern the consolidated cases. Henceforth all filings in the consolidated cases shall be filed in Case No. 4:03CV00849 AGF.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of June, 2006.